UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LORI GUTIERREZ,

    Plaintiff,

v.                                       Case No.:  2:20-cv-290-FtM-38NPM

GEOVERA SPECIALITY
INSURANCE COMPANY,

    Defendant.
_____/

**OPINION AND ORDER**[1]

Before the Court on *sua sponte* review is Defendant Geovera Specialty Insurance Company's Notice of Removal (Doc. 1), which removed Plaintiff Lori Gutierrez's state breach-of-contract case to this Court.  Geovera cites diversity jurisdiction as the basis for this Court's subject matter jurisdiction.

"[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" and should do so "at the earliest possible stage in the proceedings."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  "A removing defendant bears the burden of proving proper federal jurisdiction."  *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).  Diversity jurisdiction requires complete diversity of citizenship among the opposing parties and an amount in controversy exceeding $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Here, the diversity of citizenship is uncertain because Geovera has not established Gutierrez's citizenship.

Geovera alleges that Gutierrez "is/was a resident of Lee County, Florida." (Doc. 1 at 2). But, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "Citizenship is equivalent to 'domicile' for the purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Thus, to establish citizenship, a defendant must show physical presence and an intent to remain. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Geovera has not established Gutierrez's citizenship and has thus not adequately pled diversity of citizenship.

Accordingly, it is now

**ORDERED:**

Defendant Geovera Specialty Insurance Company must **SUPPLEMENT** its Notice of Removal (Doc. 1) on or before **May 6, 2020**, to show cause why this case should not be remanded for lack of subject matter jurisdiction. **Failure to comply with this Order will lead to this case being remanded without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of April, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record